Per Curiam
The relators were appointed on the police force in the years 1857 and 1858, under chap. 569 of the Laws of 1857.
*585 In 1885 the legislature passed an act which provided that any member of the police force who shall have arrived at the age of sixty years, shall, by resolution adopted by a majority of the full board be removed and dismissed from said police force and service, and placed on the roll of the police pension-fund, etc.
The relators, having arrived at sixty years of age were dismissed from the police force and placed on the police pension-roll by the police commissioners according to the, requirements of this act.
It is urged on behalf of the relators that it was not intended by the enactment of 1885, that members of the police force who had performed duties therein for periods of more than twenty years, should be summarily dismissed and pensioned, even though they had reached the age of sixty.
This contention does not seem to be well founded. The language of the statute seems to be explicit that when a member of the police force shall have reached the age of sixty years, he shall, by resolution adopted by a majority of the full board be relieved and dismissed from said force and service, and be placed on the roll of the police pension fund. There seems to be no discretion vested in the police board in reference to the proceeding; but it is their duty as each member shall reach the age of sixty years, to take the action prescribed by the statute.
It is urged that inasmuch as the statutes in force at the dates of their respective appointments contained a provision that they should hold office during good behavior and could only be removed therefrom on written charges preferred against them, and after an opportunity afforded them to be heard, they acquired a vested right to the office which the legislature could not, at any time interfere with. That this broad proposition cannot be sustained seems to be admitted by the counsel for the relators, when they stated, as they did upon the argument and upon their points, that when the relator was appointed on the Metropolitan police force in 1858, he took the oath of office with the understanding that the legislature retained to itself the right, in case the public interests demanded it, to enlarge his duties, to reduce his pay, to increase the extent of his punishments, and to abolish the office. The legislature were necessarily the sole judges of that which the-public interest demanded. They being of the opinion that the public interest required that police officers should be retired after sixty years of age, upon certain conditions, there is no power in the court to review this legislative interpretation of the demands of public interests.
In view of the statement contained in the affidavits of *586 the relators that they were sixty years of age at the time the proceedings of the board of police were taken, the point that no proof was presented to the board that the relators had reached the age of sixty years is not well taken. This court would not reverse the proceedings of the police commissioners for an alleged irregularity when it is conceded that the only fact which it was necessary to establish to entitle the commissioners to take the action which they did, actually existed.
The proceedings of the commissioners should, therefore he affirmed, and the writs dismissed with costs.